**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TINA JONES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.:** |
| **v.** | § | _____ |
| | § | |
| **WEST GATE VILLAGE, LLC,** | § | **JURY DEMAND** |
| | § | |
| **Defendant.** | § | |
| | § | |

**COMPLAINT**

## I.   INTRODUCTION

1.      Plaintiff invokes jurisdiction under the Act of Congress known as Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended by the Civil Rights Act of 1991 (hereinafter "Title VII"), and which provides for relief against discrimination in employment on the basis of race and retaliation related thereto.  This suit is also brought to secure protection the protection of and to redress the deprivation of rights secured by 42 U.S.C. § 1981(a) (hereinafter "§1981") which provides for relief against racial discrimination in employment and retaliation thereto.

## II.   JURISDICTION AND VENUE

1.      The Court has jurisdiction of the subject of this action according to 28 U.S.C. §§1331, 1343(a) (4), 2201 & 2202; and 42 U.S.C. §2000e-5(f)(3).

1

2.    The unlawful employment practices alleged herein below were committed by the Defendant within Escambia County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(g).

### III.    ADMINISTRATIVE EXHAUSTION

1.    Plaintiff fulfilled all conditions precedent to the institution of this action including those statutory requirements under Title VII. Plaintiff timely filed her Charge with the Equal Employment Opportunity Commission within 180 days of occurrence of the last discriminatory or retaliatory acts. Plaintiff also timely filed her claims with this Court within ninety (90) days of the receipt of a Notice of Right to Sue issued by the Equal Employment Opportunity Commission.

### IV.    PARTIES

5.    Plaintiff, Tina Jones, is an African American female citizen of the United States, a resident of the State of Alabama, and a former employee of the Defendant.

6.    Defendant West Gate Village, LLC, is subject to suit under 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

### V.    STATEMENT OF FACTS

1.    Plaintiff is an African American formerly employed by the Defendant as an LPN.

2.     Plaintiff always performed her job well.

2

3.      Plaintiff was the the only African-American nurse on her unit.

4.      The Defendant terminated Plaintiff's employment on or around June 11, 2020 due to her race and/or color, and her complaints about unlawful race and color discrimination.

5.      In February, Plaintiff complained to Kim Bush, ("Bush"), the Defendant's Administrator, about race discrimination.

6.      Plaintiff told Bush about favoritism shown towards white Caucasian employees, however, Bush never took action or interviewed anyone.

7.      On or around June 3, 2020, the Defendant's unit manager told Plaintiff and three other African Americans they were prohibited from sympathizing with the Black Lives Matter movement.

8.      Plaintiff agreed to work during her day off on or around June 4, 2020, when the Defendant's Unit Manager sent her home early, unlike Plaintiff's Caucasian co-workers.

9.      Plaintiff then left another complaint with the Defendant for the unlawful discrimination she experienced.

10.     On or around the same day, Plaintiff received a write up for having a cup of tea on her nursing cart.

11.     This write up was retaliation for Plaintiff's prior complaints.

12.     The Defendant allows Caucasian nurses to have beverages and food on

their carts, however, they are not disciplined as African-American employees are.

13.    On or around June 11, 2020, the Defendant terminated Plaintiff's employment.

14.    The Defendant claims Plaintiff was insubordinate, but in reality, the Defendant terminated Plaintiff for her complaints.

15.    Plaintiff's Caucasian co-workers informed Plaintiff they did not agree with the Defendant's claim that she was insubordinate.

16.    Plaintiff witnessed other instances of discrimination against black African-American employees.

17.    For example, the Defendant mandates that African-American employees must sign in and out for lunch and breaks.

18.    The Defendant often allows Caucasian employees to skip this procedure, while African-American employees are held to a higher standard, facing discipline should they fail to comply.

19.    The Defendant forced Plaintiff to perform tasks it did not force Caucasian nurses to do.

20.    White Caucasian nurses were not disciplined for refusing to wear masks, while black African-American nurses were.

21.    Prior to her termination, a nurse who worked in another unit told Plaintiff the Defendant wanted to terminate Plaintiff's employment because of her

4

race.

## VI.   COUNT I: RETALIATION UNDER TITLE VII ARISING OUT OF PLAINTIFF'S OPPOSITION TO RACE-BASED DISCRIMINATION

22.    Plaintiff incorporates by reference paragraphs 2-21 above, as if fully set forth herein.

23.    In good faith, Plaintiff reported to management complaints of race-based discrimination.

24.    Shortly after Plaintiff's complaint, and in retaliation for her complaints, Plaintiff received discipline was ultimately terminated.

25.    Defendants willfully violated the proscription against retaliation under Title VII, with malicious disregard for the rights of Plaintiff.

26.    As a result of the Defendants' conduct, Plaintiff was deprived of income and other benefits due to her and she suffered embarrassment, humiliation, inconvenience, and mental distress.

27.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein.

## VII.   PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.    Grant Plaintiff an order requiring the Defendants to make her whole by awarding her reinstatement into the position he would have occupied in the absence

5

of the unlawful retaliation by the defendants with the same seniority, leave and other benefits of the position (or front pay), back pay (with interest), and by awarding her compensatory, punitive, and/or nominal damages;

B.     Grant Plaintiff her attorney's fees and cost; and

C.      Grant Plaintiff such other relief as justice requires.

## VIII.     COUNT II: RETALIATION UNDER 42 U.S.C. § 1981

28.     As set out in Count 1 above, Plaintiff engaged in protected activity and was wrongly retaliated against because of such.

29.     Defendants have violated the proscription against retaliation under 42 U.S.C. §1981.

30.     As a result of the Defendants' conduct the Plaintiff was deprived of income and other benefits due her. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

## IX.     PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.     Grant Plaintiff an order requiring the defendants to make her whole by awarding her reinstatement into the position he would have occupied in the absence of the unlawful retaliation by the Defendants with the same seniority, leave and other benefits of the position (or front pay), back pay (with interest), and by awarding her

compensatory, punitive, and/or nominal damages;

B.     Grant Plaintiff his attorney's fees and costs; and

C.      Grant Plaintiff such other relief as justice requires.

## X.     COUNT III: RACE DISCRIMINATION IN VIOLATION OF TITLE VII

31.     Plaintiff incorporates by reference paragraphs 2-27 above, as if fully set forth herein.

32.     As set out in Counts I and II above, Plaintiff was discriminated against and retaliated against based on her race, African American.

33.      Plaintiff is an African American, one of the only employed by Defendant on her unit.

34.      Plaintiff is qualified for the job and the Defendant is aware of such.

35.     Defendant treated Plaintiff differently than similarly situated Caucasian employees with respect to the terms and conditions of her employment, including but not limited to disciplining and ultimately terminating Plaintiff for reasons it did not discipline Caucasian employees for.

36.      Defendants have violated the proscription against race discrimination under Title VII of the Civil Rights Act of 1964, as amended.

37.      As a proximate cause of said disparate treatment, Plaintiff suffered a loss of income and other benefits, mental stress, inconvenience, embarrassment and humiliation.

## XI.     PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.     Grant Plaintiff an order requiring the Defendants make her whole by paying her lost wages resulting from their discriminatory conduct (with interest), and by awarding her compensatory, punitive, and/or nominal damages;

B.     Grant Plaintiff his attorney's fees and costs; and

C.     Grant Plaintiff such other relief as justice requires.

## XII.    COUNT IV: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

1.     As set out in Count III above, the Respondent subjected Plaintiff to less favorable terms and conditions of employment as compared to similarly situated Caucasian individuals.

2.     Defendants have violated the proscription against race discrimination under 42 U.S.C. § 1981.

3.     As a result of the Defendants' conduct the Plaintiff was deprived of income and other benefits due her. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

## XIII.   PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.    Grant Plaintiff an order requiring the Defendants make her whole by paying her lost wages resulting from their discriminatory conduct (with interest), and by awarding her compensatory, punitive, and/or nominal damages;

B.    Grant Plaintiff his attorney's fees and costs; and

C.    Grant Plaintiff such other relief as justice requires.

Dated: October 7, 2021

Respectfully submitted,

/s/ Robert Camp
**ROBERT J. CAMP**
Counsel for Plaintiff

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
Telephone: (205) 314-0500
Facsimile:  (205) 254-1500
E-mail: rcamp@wigginschilds.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ Robert Camp
**ROBERT J. CAMP**